FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 15 2023

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSEPH FERRARI**                                                                 **PLAINTIFF**

v.                                    Case No. 4:23-CV-*561-LPR*

**EVERGREEN PACKAGING LLC**                                          **DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Joseph Ferrari, by and through his attorney Chris Burks of WH LAW, for his Original Complaint against Evergreen Packaging LLC, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against the Defendant for violation under the Americans with Disabilities Act of 1990 ("ADA"), and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, et seq. ("ACRA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff, resulting in his termination.

2. Plaintiff received inequitable treatment and an adverse employment action as a result of his status as a disabled person with a disability that substantially limited a major life activity.

3. Upon information and belief, Defendant has willfully and intentionally committed violations of the ADA and ACRA, as described, *infra*.

This case assigned to District Judge *Rudofsky*
and to Magistrate Judge *Ray*

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADA.

5. Plaintiff's claims under ACRA form part of the same case or controversy and arise out of the same facts as the ADA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to ADA and ACRA violations alleged in this Complaint reside in this District.

## III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Grant County, Arkansas.

12. Plaintiff Joseph Ferrari was hired by Defendant in August 2021.

13. His last title was ZES Improvement Manager.

14. Plaintiff was terminated from his employment with Defendant on or about March 10, 2023.

15. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the ADA and ACRA.

16. Defendant Evergreen Packaging LLC is a foreign limited liability company that is registered and licensed to do business in the State of Arkansas.

17. Defendant Evergreen Packaging LLC can be served through its agent for service in Arkansas, Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring St., Little Rock, AR 72201.

18. Defendant Evergreen Packaging LLC is an "employer" within the meanings set forth in the ADA and ACRA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV.   FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

20. Plaintiff was hired by Defendant on or about August 1, 2021.

21. Plaintiff has been diagnosed with major depressive disorder, generalized anxiety disorder, and migraines. These conditions impact his daily life and qualify as disabilities as defined by the Americans with Disabilities Act.

22. Plaintiff disclosed his disabilities to Defendant's Human Resources department and his supervisors during his employment.

23. In February 2023, Defendant had informed Plaintiff that he was being transferred to a position as pulp process manager. Plaintiff did not apply for or request this transfer. This transfer would also necessitate Plaintiff moving back to a shift work schedule, which he had not worked for over a year.

24. This was a massive shift in the circumstances of Plaintiff's employment. News of this shift had a detrimental effect on Plaintiff's health and his disabilities.

25. During the week of March 1, 2023, Plaintiff utilized his vacation leave to take a week of vacation.

26. Plaintiff texted his supervisor on March 5, 2023, telling him he would need an extra day of vacation.

27. Plaintiff ultimately took a second week of vacation.

28. Starting in May 2022, Plaintiff had been allowed to take extra vacation time if needed and if he had enough vacation hours available to cover his time. Plaintiff was not required to report his vacation time to Defendant or receive approval for any vacation time he utilized.

29. Plaintiff utilized his extra week of vacation time to deal with the detrimental effect that the changes in his employment had on his disabilities.

30. Plaintiff had enough paid vacation time to cover both weeks of vacation.

31. On March 15, 2023, Plaintiff called his supervisor, Kevin Kidder, to talk about his return to work on March 18, 2023.

32. Plaintiff was then informed that he was terminated effective March 10, 2023, supposedly for not calling into shifts during the period he was on vacation.

33. During this call, Kidder stated that he needed process manager who would show up to work "regardless of their personal issues." Kidder also stated that his daughter is disabled, and she is able to show up to work. Kidder further stated that other disabled people show up to work every day and he expected that of the Plaintiff. Kidder acknowledged that he did not know Plaintiff was on vacation when he terminated Plaintiff's employment.

34. Plaintiff replied that Defendant had not previously tracked his vacations or required him to have his vacation time pre-approved, and that he was never informed by Defendant that he had been scheduled to work the three shifts that he supposedly missed while he was on vacation.

35. In fact, one of the three shifts he supposedly missed was on March 6, 2023. Plaintiff texted his supervisor on March 5, 2023, to tell him he was taking another day of vacation. Plaintiff's supervisor had knowledge that he planned to be out on March 6, 2023, and did not contact Plaintiff to tell him he was scheduled to work a shift that day.

36. During his employment, Plaintiff had a solid work history. He had never been written up or previously disciplined for missing work.

37. Defendant's reasons for terminating Plaintiff were pretextual. Plaintiff was actually discriminated against and terminated on March 10, 2023, based on his status as a disabled person.

### V.   FIRST CLAIM FOR RELIEF – ADA Claims

39. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

40. Plaintiff filed a timely charge with the EEOC alleging violations of Title I and Title V of the ADA by Defendant.

41. Plaintiff received a right to sue letter, and thus exhausted his administrative remedies.

42. Defendant engaged in unlawful employment practices at their facility in Pine Bluff, Arkansas, in violation of the Americans with Disabilities Act of 1990.

43. Specifically, and as detailed above, Plaintiff, who is disabled, was terminated as a result of disability discrimination.

44. Defendant's reasons for terminating Plaintiff were pretextual. Plaintiff was terminated because of his status as a person with a disability.

45. Plaintiff's manager stated to him when he was terminated that he needed process managers who showed up to work every day "regardless of their personal issues." He further stated that other disabled employees showed up for work every day and he expected that of Plaintiff.

46. At all relevant times, Plaintiff could perform the essential function of the position for which he was hired.

47. However, Plaintiff was terminated from his position within the relevant statutory period.

48. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

49. The unlawful employment practices complained of above were and are intentional.

50. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

51. Pursuant to Americans with Disabilities Act of 1990, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of the ADA, plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of the ADA.

## VI.   SECOND CLAIM FOR RELIEF – ACRA Claims

52. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

53. Plaintiff has timely filed a charge with the EEOC, received a right to sue letter, and has thus exhausted his administrative remedies.

54. Defendant engaged in unlawful employment practices at their facility in Pine Bluff, Arkansas, in violation of Ark. Code Ann. §§ 16-123-101, *et seq.*

55. Specifically, and as detailed above, Plaintiff, who is disabled, was terminated as a result of ongoing disability discrimination.

56. Defendant's reasons for terminating Plaintiff were pretextual.

57. Plaintiff's manager stated to him when he was terminated that he needed process managers who showed up to work every day "regardless of their personal issues." Kidder also stated that his daughter is disabled, and she is able to show up to work. Kidder further stated that other disabled people show up to work every day and he expected that of the Plaintiff. Kidder acknowledged that he did not know Plaintiff was on vacation when he terminated Plaintiff's employment.

58. At all relevant times, Plaintiff could perform the essential function of the position for which he was hired.

59. However, Plaintiff was terminated from his position within the relevant statutory period.

60. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

61. The unlawful employment practices complained of above were and are intentional.

62. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

63. Pursuant to Arkansas Civil Rights Act, as amended, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of ACRA, plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of ACRA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Joseph Ferrari respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)   A declaratory judgment that Defendant's practices violate the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.* and the related regulations;

(B)   A declaratory judgment that Defendant's practices violate Americans with Disability Act of 1990 and the related regulations;

(C)   Judgment for damages pursuant to Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-101, *et seq.*, for all compensation owed Plaintiff for back pay and associated interest and fees, including an appropriate award of front pay;

(D)   Judgment for damages pursuant to Americans with Disabilities Act of 1990, for all compensation, compensatory, and punitive damages owed to Plaintiff, including an appropriate award of front pay;

(E)   An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action, including an appropriate award of front pay;

(F)   Such other and further relief as this Court may deem necessary, just and proper.

                                Respectfully submitted,

                                **Joe Ferrari, PLAINTIFF**

                                wh Law
                                North Little Rock Office
                                501.888.4357

                        By:     Chris Burks (ABN: 2010207)
                                chris@wh.law

                                Mailing Address:
                                1 Riverfront Place, Suite 745
                                North Little Rock, AR 72114